UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK CIARAMELLA, et al., on behalf of
themselves and all others similarly situated,

                              Plaintiffs,

            -v-

HOWARD ZUCKER, as Commissioner of the
Department of Health,

                              Defendants.

CIVIL ACTION NO.: 18 Civ. 6945 (MKV) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Before the Court is Plaintiffs' July 20, 2021 letter-motion requesting that the Court issue an Order compelling Defendant to present three fact witnesses — Patricia Quinn ("Quinn"), Dr. George Gostling ("Dr. Gostling"), and Deputy Commissioner Donna Frescatore ("Deputy Commissioner Frescatore") of the New York State Department of Health — for depositions following the conclusion of discovery[1] (the "Motion" (ECF No. 241)).  On July 30, 2021, Defendant opposed the Motion (the "Opposition" (ECF No. 248)).  Plaintiffs filed their reply on August 6, 2021 (ECF No. 252), and the Motion is ripe for decision.

Pursuant to the Court's ruling during today's Conference, held on Zoom (the "August 10 Conference"), the Motion is GRANTED IN PART AND DENIED IN PART as follows.

The decision to re-open discovery is within the Court's discretion.  See Krawec v. Kiewit Constructors Inc., No. 11 Civ. 0123 (LAP), 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013) (granting application to reopen discovery for a single deposition).  Discovery deadlines may only

---

[1] Under the Revised Civil Case Management Plan & Scheduling Order, the deadline for the completion of all fact discovery was March 11, 2021 and the deadline for the completion of all expert discovery was April 9, 2021.  (ECF No. 185 at 1–2).

be modified for good cause, see Fed. R. Civ. P. 16(b)(4), and the determination of whether there

is "good cause" depends on the diligence of the party seeking to modify the scheduling order.

Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause'

depends on the diligence of the moving party.").   In considering an application to re-open

discovery, the Court must consider whether there has already been an "adequate opportunity

for discovery."   Trebor Sportswear Co. v. The Ltd. Stores, Inc., 865 F.2d 506, 511–512 (2d Cir.

1989).   Courts may reopen discovery for depositions concerning documents that were produced

after the close of fact discovery.   See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.,

328 F.R.D. 100, 125 (S.D.N.Y. 2018) (failure to produce documents ordered by the Court

warranted reopening discovery, including a Rule 30(b)(6) deposition, concerning the newly

produced documents); Scantibodies Lab'y, Inc. v. Church & Dwight Co., No. 14 Civ. 2275 (JGK)

(DF), 2016 WL 11271874, at *38–40 (S.D.N.Y. Nov. 4, 2016), adopted by 2017 WL 605303 (S.D.N.Y.

Feb. 15, 2017) (reopening fact discovery and permitting depositions and follow-up discovery

requests).

     It is undisputed that, after the close of discovery, Defendant produced additional relevant

and responsive documents.  (ECF No. 248 at 1).   Accordingly, the deposition of Quinn, and re-

deposition of Dr. Gostling concerning documents produced after the close of fact discovery, are

warranted because of the apparent involvement of these witnesses in the drafting or

deliberations concerning relevant provisions of the New York State Dental Manual at issue in this

case (the "Manual").   (See ECF No. 242-6; ECF No. 248 (offering to re-produce Dr. Gostling "as to

the documents produced in June 2021.")).   By contrast, Plaintiffs' Motion fails to demonstrate

"exceptional circumstances" warranting the deposition of Deputy Commissioner Frescatore,

whose declaration accompanied Defendant's assertion of deliberative process privilege (ECF

No. 242-8).  Morales v. City of New York, No. 18 Civ. 1573 (JGK) (DF), 2020 WL 2571029, at *1

(S.D.N.Y. May 20, 2020) (denying motion to compel depositions of "high ranking officials" with the City government as email chains and deposition excerpts failed to establish they had unique firsthand knowledge relevant to Plaintiff's claims).  The Court is conducting an in camera review of a sample of documents over which Defendant has asserted deliberative process privilege (ECF No. 226), and, following the Court's ruling as to those documents, if Plaintiffs continue to believe that Frescatore's deposition is warranted, they may renew their request.

Accordingly, the Motion is GRANTED IN PART AND DENIED IN PART:

1. Plaintiffs may depose Quinn for no more than three hours in one day.

2. Plaintiffs may re-depose Dr. Gostling for no more than two hours in one day.  The re-deposition of Dr. Gostling is limited in scope to questioning "concerning late-produced documents bearing directly on Defendant's rationale for [its] coverage decisions[.]"  (ECF No. 241 at 3).

3. Plaintiffs' Motion to depose Frescatore is DENIED WITHOUT PREJUDICE.

Dated:       New York, New York
             August 10, 2021

                              SO ORDERED.

                              _____
                              **SARAH L. CAVE**
                              **United States Magistrate Judge**