December 27, 2021

**By ECF**
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, New York, 10007

      Re:    <u>Ciaramella et al. v. Zucker</u>,
               No. 18 Civ. 6945 (MKV)

Dear Judge Vyskocil:

      The undersigned counsel represent plaintiffs Frank Ciaramella, Lillian Velazquez, AnneMarie Walker, Antonio Martin, Christopher Russo, Matthew Adinolfi, Jody Virtuoso, Yvonne Hawkins, Blanca Coreas, and Brenda Perry on behalf of themselves and all others similarly situated ("Plaintiffs"),[1] and Defendant former Commissioner Howard Zucker replaced by now Acting Commissioner Mary T. Bassett, sued in her official capacity as Commissioner[2] of the New York State Department of Health ("Defendant" or "DOH") (together, the "Parties"). The Parties write jointly, pursuant to this Court's November 29, 2021 Order (ECF 262), to respectfully ask that the Court restore this matter to its calendar. While the Parties are pleased to confirm that they have agreed in principle to settle the case, this matter should remain on the calendar for three primary reasons.

      *First*, the Parties are actively negotiating a settlement agreement, which will feature substantial changes to the scope of dental coverage that will be made available under the New York State Medicaid Program (the "Program"). While the Parties have agreed in principle to the scope of these changes, translating these changes, and how they will function in conjunction with existing policies and the Program as a whole, into a formal settlement is taking significant time and requires approval from several levels of authority at DOH.

      *Second*, given that this case has been certified as a Rule 23(b)(2) class action,[3] the Parties will need to reach agreement on the customary suite of other class action settlement documents and pursue the class action settlement approval process under Rule 23. This process is likely to extend well into the first quarter of 2022 or beyond.

      *Third*, one of the provisions being negotiated in the settlement agreement is a continuing jurisdiction provision, which further supports the Court maintaining jurisdiction throughout negotiations. Plaintiffs anticipate that the settlement agreement will include procedures for Plaintiffs to enforce DOH's ongoing commitments, which in turn would require the Court to maintain enforcement jurisdiction.

---

[1] Plaintiffs Ciaramella and Virtuoso regrettably passed away during the pendency of the above-captioned action.
[2] Pursuant to Federal Rules of Civil Procedure Rule 25(d), Mary T. Bassett is automatically substituted for Howard Zucker, following his resignation effective December 1, 2021.
[3] *See* September 30, 2019 Opinion and Order (ECF 120).

- 2 -

      For all of these reasons, the Parties respectfully request that the Court restore this action to its calendar.

Respectfully submitted,

/s/ Wesley R. Powell  
Wesley R. Powell  
Willkie Farr & Gallagher LLP  
*Counsel for Plaintiffs*

/s/ Rene F. Hertzog  
Rene F. Hertzog[4]  
Assistant Attorney General  
*Counsel for Defendant Howard Zucker*

Cc:    All counsel of record (by ECF)

---

[4] Defendant's counsel has given Plaintiffs' counsel consent to e-sign the foregoing letter motion.