UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK CIARAMELLA, et al., on behalf of themselves and all others similarly situated,

                Plaintiffs,

-v-

HOWARD ZUCKER, as Commissioner of the Department of Health,

                Defendant.

CIVIL ACTION NO.: 18 Civ. 6945 (MKV) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

A settlement conference is scheduled for **Friday, June 17, 2022 at 10:00 am** and will take place by videoconference hosted on the Court's Microsoft Teams platform. The Court will provide a link for the hearing once it receives the annexed Attendance Acknowledgement Form with the names and email addresses of the individuals who will be attending the conference.

Counsel must read the Court's "Standing Order Applicable to Settlement Conferences Before Magistrate Judge Cave," ("Standing Order") which is attached and incorporated by reference in this Order. The Court's Settlement Practices, contained in the Settlement Conference Scheduling Order and the Court's Standing Order, prepares the Court and the parties for a productive settlement conference. On receipt of this Order, each counsel is directed to confirm with all other counsel, and any pro se parties, that they have received a copy of this Order.

Of particular importance, the Court's Settlement Practices require:

(1) A representative of each party (as described in paragraphs 3 and 7 of the Standing Order) to participate in the Settlement Conference for the entire duration of the

scheduled conference from a location suitable for a proceeding in Federal Court, i.e., a non-public location without background noise or distractions.

(2) Plaintiffs to make a settlement demand[1] to the Defendant (or reaffirm any prior demand) no later than fourteen (14) days before the settlement conference.

(3) Defendant to inform Plaintiffs of its response to the demand no later than seven (7) days before the conference.

(4) If either party fails to comply with (2) or (3), the other side must: (i) promptly remind that party of its obligation to comply; and (ii) advise the Court that the required settlement negotiations have not taken place.

(5) As set forth in paragraph 4 of the Standing Order, written submissions (as well as the Parties' most recent draft of the settlement agreement) must be received by the Court and opposing counsel no later than midnight four (4) business days before the conference: that is **Monday, June 13, 2022**. These submissions must be emailed to Chambers at cave_nysdchambers@nysd.uscourts.gov; the submissions should not be submitted via the ECF system. Counsel must ensure that their client(s) and insurer(s), if any, have read the other side's submission before the conference.

(6) Any request for a change in the date of the conference be made using the procedures in paragraph 9 of the Standing Order if (1) an adjournment would permit a party to obtain information that would make the conference more productive, or (2) a client

---

[1] The parties are reminded that demands and responses must include all material, non-monetary elements, and that such non-monetary elements must be reflected in the portion of the letter required by paragraph 4 of the Standing Order that describes past settlement negotiations. Any monetary offers made before or during the settlement conference are presumed to be offers to pay within 30 days unless specifically stated otherwise.

who would otherwise participate by telephone would be available to attend the conference in person if held on another date. Counsel are directed to follow the instructions in paragraph 9 to request an adjournment.

Defendants who intends to raise a lack of financial resources as a basis for its settlement position comply with the procedures in paragraph 10 of the Standing Order.

Any party seeking a modification to the procedures required by this Order should make an application promptly by Letter-Motion filed on ECF and should state the position of all other parties as to the proposed modification. Such a Letter-Motion must be sent separately from the letter required by paragraph 4 of the Standing Order and must comply with Magistrate Judge Cave's Individual Practices available at https://www.nysd.uscourts.gov/hon-sarah-l-cave.

Should the parties resolve the litigation before the conference date, they must notify the Court in writing immediately.

<u>Failure to comply with all of the terms of this Settlement Conference Scheduling Order constitutes violation of a Court Order, for which sanctions, including reasonable attorneys' fees and costs, may be awarded.</u>

The Clerk of Court is respectfully directed to set this conference as a settlement conference even though it will take place by videoconference.

Dated:    New York, New York          SO ORDERED.
          May 12, 2022

                                      _____
                                      **SARAH L. CAVE**
                                      **United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE

### Standing Order Applicable to Settlement Conferences Before Magistrate Judge Cave

1. Settlement conferences form no part of the record. All communications made as part of the settlement conference process are strictly confidential and may not be used for any purpose either in this litigation or elsewhere.

2. Magistrate Judge Cave will function as a mediator, attempting to help the parties reach agreement on terms of settlement. This process requires that counsel and their clients be both prepared for the conference and candid with the Court. The Court generally holds only one settlement conference.

3. **Each party must attend the settlement conference in person, accompanied by that party's lead trial attorney**. Counsel must be fully knowledgeable concerning the facts of the case, relevant law, and the progress of the case to date, including settlement discussions.

4. **No later than four business days before the conference**, **each party must send to the Court and opposing counsel** a letter of no longer than four (4) pages marked "Confidential Materials For Use Only At Settlement Conference," setting forth concisely the following: (1) a discussion of the relevant facts and applicable law, with an emphasis on the issues more pertinent to settlement, including a discussion of liability and damages in the event liability were established; (2) if non-monetary relief is sought in addition to or instead of money damages, each party must set forth its position as to the provision of such relief; and (3) the history of settlement discussions, if any, including any prior offers or demands.[2] This letter must be received by the Court and opposing counsel no later than midnight four business days before the settlement conference. **Counsel must immediately provide a copy of the opposing party's letter to their client and/or insurer, and must also ensure before the conference that the client and/or insurer has read the opposing party's letter.** This letter, along with the Acknowledgment Form that appears following this Standing Order, must be sent to the Court by hand delivery or by email to: cave_nysdchambers@nysd.uscourts.gov. Any application for adjournment or other modification of the conference must be submitted via Letter-Motion on ECF in accordance with Magistrate Judge Cave's Individual Practices, found at: https://www.nysd.uscourts.gov/hon-sarah-l-cave.

5. At the settlement conference, counsel for each side should expect to make a succinct presentation (10-15 minutes) in the presence of all parties and the Court summarizing the issues counsel believes are important for the client(s) and/or insurer(s) of the opposing party to consider for purposes of formulating a settlement position. The purpose of the presentation is to address and persuade the opposing party, not the Court. Thus, it is usually

---

[2] The Court notes that it is normally unhelpful for a party to state in this letter its final settlement position.

(1) unnecessary to recount in full the background of the dispute, and (2) unhelpful to discuss issues raised in the opposing party's confidential settlement letter.  The Court prefers that counsel <u>not</u> use slideware or other summary presentations, although key evidence from discovery in the case, that has previously been disclosed to the opposing party at least five (5) days before the conference or is already in the possession of the opposing party, may be helpful.  After the initial statements, counsel may respond and have their clients speak if they choose.

6. Following the presentations, the Court will meet separately with each side in private.  In these meetings, the parties and their counsel must be prepared to inform the Court of the amount of attorneys' fees and expenses incurred to date, and an estimate of the remaining costs (including attorneys' fees) of litigating the case to judgment, including appeal.

7. The presence in person of each party (the client), in addition to counsel, is essential to the settlement process.  Also, if an insurance company has any role in approving a settlement, the decision-making representative of the insurer must attend in addition to the insured party.  Because it is important that the decisionmakers on settlement hear their adversaries' presentations and be available to answer questions from the Court, the person who attends the conference must be the person with ultimate responsibility for determining the amount of any settlement.  Corporations, and any other party that is not a natural person, and insurers must send to the conference the person ultimately responsible within the organization for giving settlement authority, not someone who has received authority from someone else.  If a party believes that the individuals scheduled to attend the conference on behalf of the opposing party do not comply with this requirement, that party shall immediately confer with the opposing party and inform the Court by letter promptly if no resolution is reached.
    a. In cases where the City Comptroller has authority over settlement, the Assistant Corporation Counsel shall arrange in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone.
    b. A client or insurer's attendance by telephone may be permitted if the party lives and works more than 100 miles from the Courthouse and it would be a great hardship for the party to attend the conference on any date.  In these circumstances, if more than one individual will be appearing by telephone, the parties must immediately arrange for a toll-free conference call number that the individuals and the Court may dial into for the conference.
    c. If a party does not speak fluent English, the party must bring an experienced simultaneous interpreter.  Counsel may not serve as the interpreter.  Counsel should call Chambers if there is any difficulty securing an interpreter.

8. If a party fails to attend the settlement conference with all of the required persons—counsel, the client(s), the decision-making representative from the insurer, if any, and an interpreter, if needed—that party may be required to reimburse all of the other parties for their time and travel expenses, and may face other sanctions.

9. If counsel becomes aware of the need or potential need for an adjournment of the date of the conference, counsel must make an application for the adjournment as soon as counsel is aware of the need. If the application is made more than fourteen (14) days in advance of the conference, no cause need be provided. Otherwise, counsel must provide reasons for seeking the adjournment.
    a. The parties are required to seek an adjournment if (1) an adjournment would permit discovery or exchange of information that would make the conference more fruitful, or (2) a client or insurer who would otherwise participate by telephone would be available to attend in person if the conference were held on another date. To seek a new date within 45 days of the originally-scheduled conference, contact Chambers at (212) 805-0214 to obtain an alternative date and time. Counsel must then immediately consult with all other counsel as to their, their clients', and their insurer's availability on the new date. The party must then file a Letter-Motion via ECF in accordance with Magistrate Judge Cave's Individual Practices requesting the new date and time and indicating that it is agreed by all parties. If the party wishes to postpone by more than 45 days, an adjournment <u>sine die</u> should be sought by Letter-Motion, should provide the position of each party as to the request, and should specify an approximate time period when the conference should be held. The Court notes that the scheduled conference date is <u>not changed</u> unless and until the Court grants the written application to change the date.

10. If a defendant intends to claim that its financial situation is relevant to any potential or actual settlement offer (either based on the amount offered or a proposal to pay any portion in more than 30 days), the defendant shall inform plaintiff of this fact no later than fourteen (14) days before the conference. The parties should then discuss whether plaintiff seek proof of defendant's claim and whether the defendant is willing to provide such proof, which must be provided at least three (3) days before the conference. A summary of any discussions on this topic shall be included in the letters required under paragraph 4 of this Standing Order.

11. The scheduling of a settlement conference has no effect on any deadlines or other pending obligations in the action.

**ATTENDANCE ACKNOWLEDGMENT FORM**

**CASE NAME:** _____

**DOCKET NUMBER**: _____

I represent the ☐ Plaintiff ☐ Defendants

☐ I acknowledge that I am attending a virtual settlement conference **through the Court's Microsoft Teams platform** on _____ at _____.

Please provide the name of any co-counsel who will attend the conference with you.

_____
_____
_____

☐ I acknowledge that my client, and any other relevant decisionmakers, will attend the settlement conference.

Please provide the name and title, if applicable, of the individuals who will attend:

_____
_____
_____

Next to the name of each conference participant, please indicate the email address the Microsoft Teams invitation should be sent to.

_____      _____
Signature                                                                  Date

_____
Name (print)