**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FRANK CIARAMELLA, LILLIAN VELAZQUEZ,
ANNEMARIE WALKER, ANTONIO MARTIN,
CHRISTOPHER RUSSO, MATTHEW ADINOLFI,
JODY VIRTUOSO, YVONNE HAWKINS, BLANCA
COREAS, and BRENDA PERRY, on behalf of
themselves and all others similarly situated,

No. 18 Civ. 6945 (MKV) (SC)

                              Plaintiffs,

                          - against -

JAMES V. MCDONALD, as Acting Commissioner of
the Department of Health,

                              Defendant.

## DECLARATION OF WESLEY R. POWELL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND GENERAL RELEASE, AND APPROVAL OF THE PROPOSED CLASS FAIRNESS NOTICE

I, Wesley R. Powell, declare as follows:

1.      I am a Partner at Willkie Farr & Gallagher LLP ("Willkie") and counsel of record for Plaintiffs in this action.  I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      I make this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and General Release, and Approval of the Proposed Class Fairness Notice filed herewith.

3.      Attached hereto as Exhibit A is a true and correct copy of the Parties' Stipulation of Class Action Settlement and General Release ("Stipulation" or "Settlement"), and the exhibits attached thereto.

**Procedural History**

4.      Class Counsel have spent over four years litigating this case on behalf of indigent New York residents whose medically necessary dental services would be reimbursable if this Settlement is approved.

5.      On August 2, 2018, Plaintiffs Frank Ciaramella and Richard Palazzolo commenced this action by filing a Class Action Complaint, on behalf of themselves and all others similarly situated, against Defendant Howard Zucker, as Commissioner of the Department of Health of the State of New York ("Defendant" or "DOH"),[1] alleging that the denial of medically necessary dental care by the New York State Medicaid Program ("New York Medicaid" or the "Program") because of the Program's categorical ban on coverage of dental implants and the strict limits on coverage of replacement dentures violates the Medicaid provisions of the Social Security Act, 42 U.S.C. 1396, *et seq.* (the "Medicaid Act"), the Americans with Disabilities Act, and the Rehabilitation Act of 1973.  Plaintiffs sought both declaratory and injunctive relief.

6.      On August 14, 2018, Plaintiffs filed a Motion for Class Certification.

7.      On or about September 11, 2018, DOH revised the source of its categorical prohibition of coverage of dental implants and limits on replacement dentures, respectively known as the Implants Policy and the Replacement Dentures Policy (respectively, the "Revised Implants Policy" and "Revised Replacement Dentures Policy") as contained in the New York State Medicaid Dental Manual ("Dental Manual"), effective November 12, 2018.

---

[1]      Mary T. Bassett was named Commissioner of the Department of Health of the State of New York, and thus replaced Defendant Howard Zucker as Commissioner of the Department of Health of the State of New York. On January 1, 2023, James V. McDonald became the new acting Commissioner, and was therefore automatically substituted for Mary T. Bassett as an official capacity defendant pursuant to Fed. R. Civ. P. 25(d).

8.      On September 27, 2018, Defendant filed a Motion to Dismiss the Class Action Complaint and opposed Plaintiffs' Motion for Class Certification.

9.      On October 25, 2018, Plaintiffs filed the Amended Class Action Complaint, adding additional plaintiffs Lillian Velazquez, AnneMarie Walker, Antonio Martin, Christopher Russo, Matthew Adinolfi and Jody Virtuoso, and also adding new claims alleging that New York Medicaid has denied and continues to deny coverage of medically necessary dental care as a result of the Program's strict limits on coverage of endodontics and crowns (respectively, the "Endodontics Policy" and "Crowns Policy"), the Revised Implants Policy and the Revised Replacement Dentures Policy, in violation of the Medicaid Act, the ADA, and the Rehabilitation Act.

10.     On November 1, 2018, Plaintiffs filed a Motion to File a Corrected Class Action Complaint to correct the spelling of the names of Plaintiffs Lillian Velazquez and Matthew Adinolfi.   On the same day, Plaintiffs' Motion was granted and a Corrected Class Action Complaint was filed ("First Amended Complaint").

11.     On November 2, 2018, Plaintiffs filed an Amended Motion for Class Certification ("Motion for Class Certification").

12.     On November 12, 2018, the Revised Implants Policy and Revised Replacement Dentures Policy became effective.

13.     On November 15, 2018, Defendant filed a Motion to Dismiss the First Amended Complaint.

14.     On September 30, 2019, the Honorable District Judge Paul Oetken issued an Opinion and Order ("September 30 Order") granting in part and denying in part Defendant's

Motion to Dismiss, and granting Plaintiffs' Motion for Class Certification, thereby certifying a class of:

> All New York Medicaid-eligible individuals whose expenses associated with medically necessary dental services are not reimbursable by New York Medicaid because of the Program's categorical ban on dental implants and limits on replacement dentures, root canals, and crowns.

15.     On November 12, 2019, Plaintiffs filed the still-operative Second Amended Class Action Complaint ("Second Amended Complaint") naming additional plaintiffs Yvonne Hawkins, Blanca Coreas, and Brenda Perry (together with Frank Ciaramella, Richard Palazzolo, Lillian Velazquez, AnneMarie Walker, Antonio Martin, Christopher Russo, Matthew Adinolfi, and Jody Virtuoso, the "Named Plaintiffs"), whom Plaintiffs alleged had been denied medically necessary dental services under the Revised Implants Policy and Revised Replacement Dentures Policy, curing the standing defect identified in the September 30 Order, and on November 13, 2019 Plaintiffs refiled the Second Amended Complaint with a corrected caption.

16.     Over the course of the following eighteen months, the Parties engaged in extensive, hard-fought discovery.  The Parties engaged in numerous meet-and-confers with respect to their discovery demands and responses thereto and raised several discovery disputes, some of which were resolved consensually and others presented to the Court for resolution.  The parties ultimately exchanged approximately 20,000 documents.  Plaintiffs took depositions of five fact witnesses, including Defendant's 30(b)(6) witness, on a range of topics.  Defendant took the deposition of nine Named Plaintiffs via written questions and answers.  Plaintiffs also served reports from two testifying experts, and Defendant deposed those experts.

**Settlement Terms**

17.     Over the course of approximately sixteen months, the Parties engaged in multiple negotiation sessions, resulting in the Stipulation.  Under the terms of the Stipulation, Defendant

has agreed to revise the Dental Manual to provide Medicaid coverage for medically necessary dental treatment to members of the Class.

18.     Specifically, the Stipulation provides that DOH will revise certain content of the (i) Revised Implants Policy, (ii) Revised Replacement Dentures Policy, and (iii) Endodontics Policy and (iv) Crowns Policy that Plaintiffs challenged in this Action, for inclusion in a revised version of the Dental Manual (the "Revised Dental Services Policies"), appended as Exhibit A.1 hereto. The Stipulation also provides for guidance regarding the Revised Dental Services Policies (the "Guidance"), appended hereto as Exhibit A.2, which DOH must contemporaneously provide to Class Counsel and post to its website.  DOH must require all Managed Care Organizations and Managed Long Term Care organizations that provide dental coverage to Medicaid recipients in the State of New York ("Plan" or "Plans") to use agreed prior authorization forms for replacement dentures and implant-related services.

19.     The proposed notice of the Stipulation's preliminary approval for distribution to the Class ("Fairness Notice"), appended hereto as Exhibit A.3, will be displayed on an 8.5 inch by 14 inch posting, in English and Spanish, at the following locations: (a) all waiting rooms in local social service district offices and Medicaid offices, (b) all waiting rooms in New York Academic Dental Center clinics licensed under Article 28 of the NY Public Health Law, and (c) all client waiting areas at the New York State Office of Temporary and Disability Assistance's ("OTDA") Boerum Place, Brooklyn, New York fair hearing center, as set forth in the Stipulation Paragraphs 18-19.  Plaintiffs have determined—based in particular on the experience of the Legal Aid Society's Health Law Unit in other benefits cases—that this is the most effective way to provide notice to class members.  Additionally, the Fairness Notice will be displayed on the websites of both DOH and the Legal Aid Society, which will also distribute an electronic copy to various

Medicaid-related advocates' listservs.  DOH will additionally mail a copy of the Fairness Notice to the last known addresses of the Named Plaintiffs.

20.     A Plan will use the prior authorization forms appended hereto as Exhibits A.4 and A.5 for replacement dentures or implant-related services.  DOH must also inform Plans that they must provide all New Yorkers over the age of 21 enrolled in the Medicaid Dental Program with notice of the Revised Dental Services Policies via letter (an "Enrollee Letter"), the template for which is appended hereto as Exhibit A.6.

21.     The Stipulation also requires Defendant to reimburse Plaintiffs for attorneys' fees, costs, disbursements, and expenses in the gross sum of $3,300,000.00, in full and complete satisfaction of any and all claims for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiffs, Class Counsel, or for any and all counsel who have at any time represented Plaintiffs in this Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions which were or could have been asserted in the Action.

22.     The Parties agreed to the terms of the Settlement through experienced counsel with the benefit of extensive discovery.  Ultimately, the Parties reached a fair and reasonable compromise after negotiating the terms of the settlement at arm's length and with the assistance of Magistrate Judge Sarah L. Cave.

**Evaluation of the Settlement**

23.     Plaintiffs' counsel of record, who were previously appointed as class counsel in Judge Oetken's September 30 Order, includes experienced litigators with class action expertise in matters of similar size, scope, and complexity to the instant action.  As the senior member of the Willkie team, I have litigated a wide range of class actions for both plaintiffs and defendants in

complex cases over my 28-year career.   The senior members of our co-counsel's teams—Mary Eaton of Freshfields Bruckhaus Deringer and Judith Goldiner of The Legal Aid Society ("LAS")—have a comparable track record in class actions and other complex litigation, and Belkys Garcia of LAS is a renowned expert in Medicaid law and likewise has extensive experience litigation class actions.  Of particular relevance, this same group of counsel achieved a victory in a similarly large and complex class action lawsuit challenging New York Medicaid's categorical ban on coverage of gender-confirming care for transgender New York Medicaid recipients, in *Cruz v. Zucker*, 14 Civ. 4456 (JSR).  *See* ECF No. 76 at 17-18 (detailing Plaintiffs' counsel's experience), ECF No. 120 (Opinion and Order Granting Plaintiffs' Motion for Class Certification).

24.     While the remaining Named Plaintiffs and Class Counsel continue to believe in the strength of Plaintiffs' claims and ultimate ability to secure a favorable judgment at trial, we also recognize that Defendant is represented by experienced and capable counsel who have conducted a vigorous defense of this case since it began and would continue to do so through trial. After consulting with the remaining Named Plaintiffs, Class Counsel believes that this settlement is more than warranted given that the expense, duration, and complexity of protracted litigation would be substantial.

25.     Moreover, this Settlement represents an excellent outcome for Named Plaintiffs and the Class.   By achieving a broad expansion of access to dental implants, replacement dentures, crowns and root canals, Plaintiffs have achieved the core of ensuring that New York Medicaid reimburses New York Medicaid recipients for medically necessary dental services.

26.     Plaintiffs and Class Counsel believe that the relief provided by the Settlement weighs heavily in favor of a finding that the Settlement is fair, reasonable, and adequate, and well within the range of approval.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above and foregoing is true and accurate.  Executed this 1st day of May, 2023 at New York, New York.

/s/ Wesley R. Powell
Wesley R. Powell