# <u>EXHIBIT A</u>

Executed Stipulation

UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK CIARAMELLA, LILLIAN VELAZQUEZ,
ANNEMARIE WALKER, ANTONIO MARTIN,
CHRISTOPHER RUSSO, MATTHEW ADINOLFI,
JODY VIRTUOSO, YVONNE HAWKINS, BLANCA
COREAS, and BRENDA PERRY, on behalf of
themselves and all others similarly situated,

                           Plaintiffs,

          - against -

JAMES V. MCDONALD, as Acting Commissioner of
the Department of Health,

                          Defendant.

No. 18-CV-6945 (MKV) (SC)

**STIPULATION OF CLASS ACTION
SETTLEMENT AND GENERAL
RELEASE**

This Stipulation of Class Action Settlement and General Release ("Stipulation") is entered into by and among Plaintiffs Lillian Velazquez, AnneMarie Walker, Christopher Russo, Matthew Adinolfi, Blanca Coreas, and Brenda Perry, on behalf of themselves and all others similarly situated ("Plaintiffs") and Defendant James V. McDonald, Acting Commissioner of the Department of Health of the State of New York, as Commissioner of the Department of Health of the State of New York ("DOH" or "Defendant") (together with Plaintiffs, the "Parties").[1] This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Stipulation, and subject to the final approval of the Court.

---

[1]     James V. McDonald is the current Acting Commissioner of DOH and, as the successor to Howard Zucker and Mary T. Bassett, Dr. McDonald is automatically substituted as a party for those claims that were asserted against Dr. Zucker in his official capacity as DOH's commissioner pursuant to Fed. R. Civ. P. 25(d).

## SECTION I: RECITALS

WHEREAS, on August 2, 2018, Plaintiffs Frank Ciaramella and Richard Palazzolo commenced the above-captioned action ("Action") by filing a class action complaint ("Complaint") on behalf of themselves and all others similarly situated against DOH, alleging that the denial of medically necessary dental care by the New York State Medicaid Program ("New York Medicaid" or the "Program") because of the Program's categorical ban on the coverage of dental implants ("Implants Policy") and the strict limits on the coverage of replacement dentures ("Replacement Dentures Policy") violates the Medicaid provisions of the Social Security Act, 42 U.S.C. § 1396, *et seq.* ("Medicaid Act"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"), and seeking declaratory and injunctive relief;

WHEREAS, on August 15, 2018, Plaintiff Frank Ciaramella moved the Court for the issuance of a preliminary injunction (i) enjoining Defendant from continued enforcement of the Implants Policy and Dentures Policy; and (ii) requiring Defendant to provide Medicaid funding for certain medically necessary dental care for Plaintiff Ciaramella (the "Preliminary Injunction Motion");

WHEREAS, on or about September 11, 2018, DOH revised the Implants Policy and Replacement Dentures Policy, effective November 12, 2018 (respectively, "Revised Implants Policy" and "Revised Replacement Dentures Policy");

WHEREAS, by Stipulation and Order dated October 2, 2018 and so-ordered on October 3, 2018, DOH agreed to grant prior approval for Plaintiff Ciaramella to receive Medicaid coverage for the dental procedures as defined in that Stipulation and Order, and the Order to Show Cause was subsequently held in abeyance for thirty (30) days;

WHEREAS, on October 25, 2018, Plaintiffs filed an amended class action complaint ("First Amended Complaint"), adding additional plaintiffs Lillian Velazquez, AnneMarie Walker,

2

Antonio Martin, Christopher Russo, Matthew Adinolfi and Jody Virtuoso and also adding new claims alleging that the denial of medically necessary dental care by New York Medicaid because of the Program's strict limits on the coverage of endodontics ("Endodontics Policy") and crowns ("Crown Policy"), and the Revised Implants Policy and Revised Replacement Dentures Policy violate the Medicaid Act, the ADA, and the Rehabilitation Act;

WHEREAS, on November 2, 2018, Plaintiffs filed an Amended Motion for Class Certification ("Motion for Class Certification");

WHEREAS, on November 15, 2018, DOH filed a Motion to Dismiss the First Amended Complaint in its entirety ("Motion to Dismiss");

WHEREAS, the Motion for Class Certification and the Motion to Dismiss were fully briefed as of December 19, 2018;

WHEREAS, by Stipulation and Order dated July 18, 2019 and so-ordered on July 19, 2019, DOH agreed to grant prior approval for Plaintiff Velazquez to receive Medicaid coverage for the Endodontic Procedure as defined in that Stipulation and Order;

WHEREAS, on September 30, 2019, the Honorable District Judge Paul Oetken issued an Opinion and Order ("September 30 Order") granting in part and denying in part DOH's Motion to Dismiss, and granting Plaintiffs' Motion for Class Certification; thereby certifying a class of:

> All New York Medicaid-eligible individuals whose expenses associated with medically necessary dental services are not reimbursable by New York Medicaid because of the Program's categorical ban on dental implants and limits on replacement dentures, root canals, and crowns[;]

WHEREAS, the September 30 Order further found: (1) Plaintiffs' Third Claim for Relief for alleged violations of the federal Medicaid Act's "reasonable promptness" provision, 42 U.S.C. § 1396a(a)(8), should be dismissed; (2) the ADA and Rehabilitation Act claims brought by Plaintiffs

Adinolfi and Virtuoso should be dismissed; (3) Plaintiff Palazzolo's claims were dismissed as moot; and (4) Plaintiffs' challenge to the Revised Implants Policy and Revised Replacement Dentures Policy was dismissed with leave for Plaintiffs to replead to establish standing;

WHEREAS, on November 12, 2019, Plaintiffs filed the operative Second Amended Class Action Complaint ("Second Amended Complaint") naming additional plaintiffs Yvonne Hawkins, Blanca Coreas, and Brenda Perry, who Plaintiffs alleged had been denied medically necessary dental services under the Revised Implants Policy and Revised Replacement Dentures Policy, purportedly curing the purported standing defect found in the September 30 Order, and on November 13, 2019 Plaintiffs refiled the Second Amended Complaint with a corrected caption;

WHEREAS, on November 13, 2019, Plaintiff Yvonne Hawkins moved the Court for the issuance of a preliminary injunction requiring Defendant to provide Medicaid funding for Plaintiff Hawkins's replacement dentures and related treatments;

WHEREAS, by Stipulation and Order dated December 20, 2019 and so-ordered on December 23, 2019, DOH agreed to direct Plaintiff Hawkins's Managed Care Organization to provide coverage for Plaintiff Hawkins to receive a medically necessary mandibular lower denture;

WHEREAS, by Stipulation and Order dated May 5, 2020, Plaintiff Ciaramella's Preliminary Injunction Motion was withdrawn with prejudice;

WHEREAS, by Proposed Stipulation and Order dated December 9, 2022, DOH agreed to direct Plaintiff Perry's Managed Care Organization to provide coverage for certain medically-necessary dental care for Plaintiff Perry;

WHEREAS, by Proposed Stipulation and Order dated December 21, 2022, DOH agreed to direct Plaintiff Coreas's Managed Care Organization to provide coverage for certain medically-necessary dental care for Plaintiff Coreas;

WHEREAS, over the course of fact discovery, the parties exchanged approximately 20,000 documents, Plaintiffs took the deposition of five fact witnesses, including DOH's Federal Rule of Civil Procedure 30(b)(6) witness, DOH took the depositions of nine Named Plaintiffs via written questions and answers, and Plaintiffs produced two expert reports from two testifying experts, both of whom were deposed by DOH;

WHEREAS, the Parties engaged in various disputes regarding fact and expert discovery, some of which were resolved consensually and others of which required resolution by the Court;

WHEREAS, during the course of this litigation, Plaintiffs Ciaramella, Virtuoso, Martin, and Hawkins died, and Suggestions of Death were filed with the Court, and accordingly they are not parties to this Stipulation or members of the Class;

WHEREAS, the Parties participated in multiple mediation sessions presided over by Magistrate Judge Sarah L. Cave;

WHEREAS, DOH denies any wrongdoing, liability, or violation of any federal, state, or local statute, ordinance, or law with respect to Plaintiffs;

WHEREAS, in order to resolve this action and avoid the burden, expense, and uncertainty of further litigation, the Parties have negotiated revisions to certain content of the Revised Implants Policy, Revised Replacement Dentures Policy, Endodontics Policy, and Crowns Policy that Plaintiffs challenged in this Action in the form appended hereto as Exhibit A ("Revised Dental Services Policies") for inclusion in the New York State Medicaid Program Dental Policy and Procedure Code Manual ("Dental Manual");

WHEREAS, the Parties have negotiated guidance regarding the Revised Dental Service Policies ("Guidance"), appended hereto as Exhibit B;

WHEREAS, the Parties have negotiated prior authorization forms for replacement dentures and implant-related services, appended hereto as Exhibit C and Exhibit D; and

WHEREAS, the Parties are entering into this Stipulation solely for the purpose of resolving the disputes between them and to avoid further litigation, and without any admissions by either Party, and to settle this Action on terms and conditions just and fair to all Parties;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel, that this Action is settled on the following terms and conditions:

### SECTION II: DEFINITIONS

1. "Claims" means any and all actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever.

2. The definition of the Class as set forth in the Court's September 30, 2019 Order is modified so as to amend the definition of the "Class" as follows:

> All Enrollees and New York State Medicaid-eligible individuals over the age of 21 whose expenses associated with medically necessary dental services are not reimbursable by New York State's Medicaid program (the "Program") because of the Program's limitations on dental implants, replacement dentures, root canals, and crowns.

3. "Class Member" means a person who is a member of the Class as defined in Paragraph 2.

4. "Court" means the United States District Court for the Southern District of New York.

5. "Effective Date" means the date upon which this Stipulation and Order takes effect, as further defined in Paragraph 74 herein.

6.      "eMedNY" is the electronic Medicaid Management System of New York State operated by Computer Sciences Corporation, or by a successor vendor, on behalf of DOH.

7.      "Enrollees" refer to all New Yorkers over the age of 21 enrolled in the Medicaid Dental Program.

8.      "Execution Date" means the date on which the last necessary Party signs this Stipulation.

9.      "Fee-for-Service" refers to Medicaid services reimbursed by DOH and not administered through a Medicaid managed care plan as per New York Social Services Law 364-j.

10.      "Implementation Date" refers to the date on which the Revised Dental Services Policies and expanded benefit coverage go into effect.

11.      "Medicaid-eligible" shall mean an individual who upon application has met federal and New York State criteria for enrollment in the Medicaid program.

12.      "Named Plaintiffs" refers to the named Plaintiffs in this action who are parties to this Stipulation: Lillian Velazquez, AnneMarie Walker, Christopher Russo, Matthew Adinolfi, Blanca Coreas, and Brenda Perry.

13.      "New York State Medicaid dental providers" refers to all providers of dental services acting within the scope of their licensure participating in the Medicaid dental program in the State of New York.

14.      "Class Counsel" refers to The Legal Aid Society, Willkie Farr & Gallagher LLP, and Freshfields Bruckhaus Deringer US LLP.

15.      "Plan" or "Plans" refers to Managed Care Organizations ("MCOs") and Managed Long Term Care organizations ("MLTCs") that provide dental coverage to Medicaid recipients in the State of New York.

16.     "Released Claims" refers to the claims released pursuant to Paragraph 54 of this Stipulation.

17.     "Termination Date" means the date that is three (3) years after the Effective Date.

### SECTION III: CLASS NOTICE

18.     Within fourteen (14) days of the Execution Date of this Stipulation, Plaintiffs shall submit to the Court a motion for: (i) preliminary approval of this class action settlement ("Preliminary Approval Motion") and (ii) entry of a Proposed Order directing that notice of the proposed settlement to the Class ("Fairness Notice") will be provided through the following methods:

(1)     DOH shall direct the Fairness Notice to be displayed on an 8.5 inch x 14 inch posting, in English and Spanish, at the following locations: (a) all waiting rooms in local social service district and Medicaid Offices, (b) all waiting rooms in New York Academic Dental Center clinics licensed under Article 28 of the NY Public Health Law, and (c) all client waiting areas at the New York State Office of Temporary and Disability Assistance's ("OTDA") Boerum Place, Brooklyn, New York fair hearing center;

(2)     DOH will cause the Fairness Notice to be posted on its website in English and Spanish;

(3)     The Legal Aid Society will post the Fairness Notice on its website in English and Spanish;

(4)     The Legal Aid Society will circulate an electronic copy of the Fairness Notice to Medicaid-related advocates' listservs in English and Spanish; and

(5)     DOH will mail a copy of the Fairness Notice, by first class mail, to the last known addresses of the Named Plaintiffs.

8

19.     Within thirty (30) days of the Court's approval of the Preliminary Approval Motion, the Fairness Notice will be provided to the Named Plaintiffs and Class Members via the methods described in Paragraph 18, above.

## SECTION IV: <u>OBLIGATIONS OF DOH</u>

20.     Within seven (7) days of the Effective Date of this Stipulation, DOH shall notify all Plans, local social services districts, and OTDA via letter or other written notice, and all New York State Medicaid dental providers via www.eMedNY.org, of the implementation of the Revised Dental Services Policies contained in the Dental Manual as set forth in Exhibit A hereto and the Guidance regarding the policy changes in the Revised Dental Services Policies as set forth in Exhibit B. DOH shall contemporaneously provide Class Counsel with copies of this letter or notice and Guidance. DOH shall additionally post copies of the letter or notice and Guidance to its website.

21.     Within seven (7) days of the Effective Date of this Stipulation, DOH shall inform Plans that they must provide Enrollees with notice of the Revised Dental Services Policies via letter (an "Enrollee Letter"), the template for which is annexed hereto as Exhibit E.

22.     Within one (1) year of the Effective Date of this Stipulation, the Parties will enter into a stipulation requiring that Plaintiff Matthew Adinolfi receive authorization for Medicaid coverage of medically necessary dental services falling within the scope of the Revised Dental Services Policies.

23.     No later than ninety (90) days from the Effective Date of this Stipulation, the Revised Dental Services Policies contained in the Dental Manual as set forth in Exhibit A shall go into effect (the "Implementation Date"). DOH shall provide Medicaid coverage to current and future Enrollees for dental services deemed medically necessary pursuant to the Dental Manual and Revised Dental Services Policies. On the date that the updated Dental Manual and Revised

Dental Services Policies become effective, DOH shall make the updated Dental Manual and Revised Dental Services Policies available on eMedNY.org.  For a period of four (4) years from the Effective Date of this Stipulation, DOH shall not modify, change, alter or amend the Revised Dental Services Policies in any way that is intended to result, or that directly or indirectly results or may result in the denial, restriction, diminishment, narrowing, or reduction of any dental services falling within the Revised Dental Services Policies (the "Proposed Future Modifications") without the prior written consent of Class Counsel unless there is a change in law as set forth in Paragraph 63 or a need to revise billing codes pursuant to Paragraph 30.  For the avoidance of doubt, billing guidance should not be used to substantively limit any dental services falling within the Revised Dental Services Policies.   No later than forty-five (45) days prior to any implementation or publication of any such Proposed Future Modifications, DOH shall provide Class Counsel with a copy of the Proposed Future Modifications.  Within ten (10) days of receipt of such copy, Class Counsel shall provide DOH with any comments thereon.  If the Parties are unable to agree on the language of the Proposed Future Modifications within thirty (30) days of the day Class Counsel receives the proposed Future Modifications, the Parties shall present the dispute to this Court for resolution.

24.      Within sixty (60) days of the Effective Date of this Stipulation, DOH shall (i) prepare and present a live webinar to educate Plans, New York State dental providers, local social services districts, and the Office of Administrative Hearings ("OAH") at OTDA (which conducts administrative fair hearings on behalf of DOH) on the Revised Dental Services Policies, and (ii) post such webinar on DOH's website.  No later than thirty (30) days in advance of the webinar, DOH shall provide Class Counsel with notice of the time and date of the webinar presentation. Class Counsel may attend and/or live stream the webinar.  No later than thirty (30) days in advance

of the webinar, DOH shall also provide Class Counsel with a copy of any materials intended to accompany and/or be presented at the webinar (such as, for illustrative purposes only, a presentation deck) and Class Counsel may provide comments to DOH on the presentation and materials within ten (10) days of receipt of such materials.

25. For a period of four (4) years from the Implementation Date, subject to the provisions of Paragraph 63 of this Stipulation, DOH shall not adopt any amendments to any provision of the Dental Manual relating to the Revised Dental Services Policies, or issue any Guidance or billing guidance that results, or that may result in the denial, restriction, diminishment, narrowing, or reduction of dental services that are covered in the Revised Dental Services Policies.

26. DOH shall provide Class Counsel with contemporaneous copies of notices concerning the Revised Dental Services Policies provided to the plans, local social services districts, New York State Medicaid dental providers and OTDA subsequent to the Revised Dental Services Polices taking effect. In the event that DOH seeks to issue subsequent Guidance on the Revised Dental Services Policies, DOH shall provide Class Counsel with the proposed Guidance. Within ten (10) days of receipt of such copy, Class Counsel may provide DOH with comments on the proposed Guidance.

27. DOH shall publicly post to DOH's website and on eMedNY.org copies of any subsequent notices and any Guidance provided to all plans, local social services districts and New York State Medicaid dental providers and OTDA concerning the Revised Dental Services Policies referenced in Paragraph 20.

28. DOH shall require all Plans to use prior authorization forms for replacement dentures and implant-related services. A Plan may use the prior authorization forms appended hereto as Exhibits C and D for replacement dentures or implant-related services. If any Plan wants

11

to use its own prior authorization forms for replacement dentures or implant-related services, DOH shall require such Plan to submit the proposed prior authorization forms for DOH's approval within sixty (60) days of the Effective Date of this Stipulation and DOH shall ensure that the proposed forms are consistent with the criteria set forth in Exhibit A. Within three (3) months of the Effective Date of this Stipulation, DOH shall provide Class Counsel with copies of any such forms it has approved pursuant to this paragraph.

29.    DOH shall require all Plans to submit, within ninety (90) days of the Effective Date of this Stipulation, any internal guidance provided to New York State dental providers for approving requests for crowns, endodontics, replacement dentures, and implant-related services to DOH so as to ensure that the criteria are consistent with the policies set forth in Exhibits A and B. Within four (4) months of the Effective Date of this Stipulation, DOH shall provide Class Counsel with copies of all guidance provided pursuant to this paragraph.

30.    Within sixty (60) days of the Effective Date of this Stipulation, DOH may issue updated billing guidance regarding the Revised Dental Services Policies.

## SECTION V: PAYMENT OF ATTORNEYS' FEES AND COSTS

### a.    Payment to Class Counsel

31.    In full consideration of Plaintiffs' execution of this Stipulation, their agreement to be bound by its terms, and their undertakings as set forth herein, including but not limited to the dismissal of the Action with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, DOH shall pay to Class Counsel attorneys' fees, costs, disbursements, and expenses in the gross sum of $3,300,000.00 for which I.R.S. Form 1099s shall be issued to Class Counsel in this amount, in full and complete satisfaction of any and all claims for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiffs, Class Counsel, or for any and all counsel who have at any time represented Plaintiffs in this Action, as well as in

connection with any other proceeding, administrative, judicial, or otherwise, and any other claim
or action alleging any of the acts, transactions, occurrences, or omissions which were or could
have been asserted in the Action.  The foregoing payment shall be made by three separate wire
transfers, payable to the below entities in the following amounts via payment instructions that
Class Counsel will supply to Defendant's counsel within ten (10) days of the Effective Date of this
Stipulation:

| Organization | Amount |
|---|---|
| The Legal Aid Socitety<br>199 Water Street<br>New York, NY  10038<br>Attn: Judith Goldiner | $1,438,800.00 |
| Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY  10019<br>Attn: Wesley R. Powell | $1,138,500.00 |
| Freshfields Bruckhaus Deringer US LLP<br>601 Lexington Avenue, 31st Floor<br>New York, NY 10022<br>Attn: Mary Eaton | $722,700.00 |

32.     Class Counsel agree to execute any forms required in order to effectuate such
payment.  The payments set forth in the above Paragraph 31 shall be accepted in full settlement
and satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs,
disbursements, and expenses that Class Counsel had, have or may in the future have against DOH
arising from the claims in this action or arising from any activities of Class Counsel in connection
with this Action or this Stipulation.  This limitation shall not apply to additional time spent on a
successful contempt or enforcement motion provided that such additional time was expended after
the Parties met and conferred in accordance with the requirements of Paragraph 46 of this

13

Stipulation. DOH reserves its rights to seek attorneys' fees and costs in connection with defending against a contempt or enforcement motion. Nothing contained herein shall be read to imply any change with respect to the standard a party must meet to be entitled to any fee award for prosecuting or defending against such a motion.

  **b.** **Accrual of Interest.**

  33. In the event that the payments specified in Paragraph 31 have not been made by the one hundred twentieth (120th) day after receipt by the New York State Office of the Attorney General ("OAG") of a "So Ordered" copy of this Settlement Agreement, fully executed and entered on the docket by the Clerk of the Court, together with all other requested documentation required under Paragraph 31 of this Stipulation, interest on any part of the amounts specified in Paragraph 31 not paid by the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day.

  **c.** **Liability for Taxes.**

  34. Any taxes, or interest or penalties on taxes, referred to in this Paragraph shall be the sole and complete responsibility of Plaintiffs, and Class Counsel acknowledge and agree that they shall have no claim, right or cause of action against the Released Parties (as defined below), on account of any and all such taxes, interest or penalties. Class Counsel agree that they will defend, indemnify, and hold harmless DOH and/or the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in

any forum or manner, judicial, administrative, or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

d.     **Responsibility of Plaintiff for Liens and Setoffs.**

35.     Plaintiffs and Class Counsel do hereby release and waive any attorneys' lien they may have on the payment in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state of federal law, statute, contract, or otherwise.

36.     Class Counsel and Plaintiffs further represent and warrant that besides the undersigned attorneys for Plaintiffs, there are no other attorneys that have a lien on the settlement proceeds in this Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contracts, or otherwise for services rendered to Plaintiffs in the litigation.

37.     Class Counsel and Plaintiffs agree that DOH, the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, shall not be responsible for any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, Medicare, Medicaid, or child support liens, or liens for attorneys' fees, costs, disbursements, or expenses) that may attach to the payments referenced in Paragraph 31, and that Plaintiffs shall have no claim, right, or cause of action on account of such liens or setoffs.

e.     **Miscellaneous**

15

38.     Nothing contained in this Stipulation shall be deemed to be an agreement or an admission by DOH as to the reasonableness of the number of hours spent or the particular hourly rates claimed by Class Counsel.

39.     The agreement regarding payment of attorneys' fees, costs, disbursements, and expenses set forth in this Stipulation is solely for the purpose of settlement of Plaintiffs' claims for attorneys' fees, costs, disbursements or expenses as against DOH and does not reflect the positions of the Parties in any other judicial or administrative proceeding.   Nothing contained in this Stipulation shall be deemed, implied or construed to be a policy, custom or procedure of DOH, the State of New York or any of its agencies regarding the payment of attorneys' fees, costs, disbursements, and expenses.

## SECTION VI: REPORTING

40.     DOH shall provide Class Counsel with "Fee-for-Service Reports" showing (i) the number of individuals who have requested crowns, endodontics, replacement dentures, or implant-related care through Fee-For-Service Medicaid; (ii) the number of such requests that have been granted and/or denied (in whole or in part); and (iii) the reason(s) for any such denials.  DOH shall provide Plaintiffs with "Fee-for-Service Reports" beginning one year following the Implementation Date of the Revised Dental Services Policies and continuing on a tri-annual basis until the Termination Date.

41.     DOH shall undertake to conduct a "Focused Survey" following the Implementation Date of the Revised Dental Services Polices.  Class Counsel will be permitted to provide input to DOH with respect to the content of the Focused Survey before it is distributed to MCOs.  The "Focused Survey" will collect data from each of the Managed Care Organization Plans ("MCO Plans") participating in the Medicaid Program for the purpose of monitoring each MCO Plan's compliance with the Revised Dental Services Policies. For MCO Plans found to be non-compliant

16

with the Revised Dental Services Policies, DOH shall issue a Statement of Deficiency ("SOD") to the MCO Plan upon discovery of the non-compliance. Thereafter, the MCO Plan shall provide DOH with an initial Plan of Correction ("POC") within 30 days for approval by DOH. If such POC does not meet the expectations of DOH with regard to curing non-compliance and ensuring ongoing compliance, DOH may reject the POC and request a new POC be supplied that will achieve compliance. Within one year of the Implementation Date, DOH shall provide Class Counsel with documentation sufficient to show that a Focused Survey was completed for each MCO Plan and the outcome of the Focused Survey, which shall include, at a minimum, any SOD issued to a non-compliant MCO Plan, any POC provided by a non-compliant MCO, and any letter sent to an MCO Plan confirming the MCO Plan's compliance.

42.     In addition to completing the Focused Survey, DOH will continue to monitor compliance with the Revised Dental Services Policies through DOH's bi-yearly "Operational Survey" of each MCO Plan. These surveys are conducted on a rolling basis across all MCO Plans as part of DOH's normal course of business. The Operational Survey will collect and review data regarding MCO Plans' administration of the Revised Dental Services Policies. Further, the Operational Survey will revisit any compliance issues previously identified in the Focused Survey to ensure continued compliance. DOH shall provide Class Counsel on a quarterly schedule (through and until the Termination Date) Operational Survey data relevant to the Revised Dental Services Policies for each MCO Plan surveyed during that quarter. The Operational Survey data will include all SODs issued by DOH to the MCO Plans, and all POCs received by DOH related to the Revised Dental Services Policies. For the avoidance of doubt, each MCO Plan will be subject to an Operational Survey at least once before the Termination date.

43.     DOH shall provide Class Counsel with the results of "Members Services Survey Calls" related to the Revised Dental Services Policies.  As part of the normal course of business, DOH, by and through a contracted external review team, conducts phone calls to MCO Plan Members Services call centers to assess the quality and accuracy of information provided by MCO Plan customer service representatives to enrollees or prospective enrollees.  DOH will add questions to this survey process regarding the Revised Dental Services Policies.  DOH will provide Class Counsel with the results of the "Members Services Survey Calls" by MCO Plan on an annual basis following the Implementation Date until the Termination Date.

### SECTION VII: CONTINUING JURISDICTION

44.     Prior to the Termination Date, the Court shall retain exclusive jurisdiction in this Action for the purpose of enforcing this Stipulation.

45.     Plaintiffs may not obtain judicial enforcement under this Paragraph unless Plaintiffs can show that DOH has not substantially complied with its obligations set forth in this Stipulation. For the purposes of this Paragraph "substantial noncompliance" shall refer to any violations of this Stipulation other than violations that are merely occasional, isolated or individualized ("Substantial Noncompliance").

46.     Prior to the Termination Date, if Class Counsel believe that DOH has not substantially complied with the terms set forth in Paragraphs 19 to 43 of this Stipulation, Class Counsel shall, within thirty (30) days after ascertaining such purported Substantial Noncompliance, notify DOH's counsel in writing of the nature and specifics of the alleged failure(s) to substantially comply.  Unless otherwise resolved, the Parties' counsel shall meet and confer within the thirty (30) day period following such notice to DOH's counsel to discuss the claimed violations and measures to resolve such purported Substantial Noncompliance.  If no resolution is reached within thirty (30) days following the meet and confer, Class Counsel may

18

request a conference with the Court. If no resolution is reached after the requested Court conference is held, Plaintiffs may move this Court for an order for all appropriate relief only as to the specific provision for which Substantial Noncompliance is alleged by Plaintiffs.

47.    For the avoidance of doubt, Class Counsel retains the right to pursue and enforce issues of Substantial Noncompliance for one (1) year after the expiration of the Termination Date related specifically, and limited only, to DOH's obligation not to modify, change, alter or amend the Revised Dental Services Policies for a period of four (4) years as set forth in Paragraph 25. Class Counsel shall use the dispute resolution procedures set forth in Paragraph 46 for any such purported Substantial Noncompliance related to DOH's modification, change, alteration, or amendment of the Revised Dental Services Policies.

48.    In any proceeding brought before the Court pursuant to Paragraph 46, it shall be Plaintiffs' burden in moving to enforce the Stipulation to demonstrate there has been Substantial Noncompliance. Nothing in this Stipulation shall preclude any Party's counsel from seeking attorneys' fees in accordance with applicable law in connection with any enforcement motion brought in connection with this Stipulation, nor shall any Party be prevented from raising any defense to such application.

49.    For the avoidance of doubt, no provision in this Stipulation shall infringe upon or restrict any Class Member's ability to obtain individual relief through an administrative fair hearing, a proceeding brought pursuant to New York Civil Practice Law and Rules Article 78, or any other applicable appeal and grievance procedures under controlling law.

50.    The jurisdiction of this Court shall end with the Termination Date; *provided, however,* that the Court shall retain jurisdiction if Plaintiffs move pursuant to Paragraphs 44 to 48

19

to enforce the terms of this Stipulation set forth in Sections IV, V and VI prior to the Termination

Date, in which event, jurisdiction shall continue until:

      i.      Such time as directed by the Court, if the motion is decided favorably for Plaintiffs; or

      ii.     Such time as may be extended by the Parties by modification of this Stipulation.

51.     Following the termination of the Court's jurisdiction as set forth in paragraph 50,

this Stipulation and Order shall be deemed unenforceable as to DOH.

## SECTION VIII: RELEASE AND WITHDRAWAL OF CLAIMS

52.     As of the Effective Date of this Stipulation, any and all claims asserted by the

Named Plaintiffs, on their own behalf and on behalf of the Class Members, in the Complaint, the

First Amended Complaint, the operative Second Amended Complaint, and this Action herein are

dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

53.     Any claims not raised by the Class or that could have been raised by the Class based

upon the facts alleged in the Complaint, the First Amended Complaint, the operative Second

Amended Complaint, and this Action that are not contained herein or previously resolved are

dismissed with prejudice.

54.     As of the Effective Date, for and in consideration of the obligations specified in this

Stipulation and other good and valuable consideration, the sufficiency of which is hereby

acknowledged, and except for the rights and obligations set forth in this Stipulation, Named

Plaintiffs, Class Counsel, and Class Members—on their own behalf and on behalf of their

respective heirs, executors, administrators, personal representatives, successors and assigns of

each of themselves—hereby jointly and severally release and forever discharge DOH, and the State

of New York, and all of their present and former principals, officers, directors, members, trustees,

shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs,

administrators, and assigns, whether in their individual or official capacities (collectively, the "Released Parties"), from all manner of claims, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall have in the future, against some, any or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter or thing up to and including the date of this Stipulation, arising from or related to the coverage rules challenged in this Action related to the Revised Implants Policy, Revised Replacement Dentures Policy, Endodontics Policy, and Crowns Policy that the Named Plaintiffs either alleged in this Action or that the Named Plaintiffs had standing to allege in this Action, including but not limited to:  (a) any and all claims regarding or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint, First Amended Complaint, or operative Second Amended Complaint in this Action; and (b) any and all liability, claims or rights of action for attorneys' fees, costs, disbursements and expenses in or arising from this Action, accrued or incurred from the beginning of time through the Effective Date of this Stipulation, except as provided for in Paragraph 31 of this Stipulation (the "Released Claims").  Notwithstanding the foregoing, or any other provision of this Stipulation, the Released Claims shall not include, and this Release shall not apply to, any claims by the Class whether direct or indirect, known or unknown, discovered or undiscovered, accrued or unaccrued, for breach of this Stipulation and/or to enforce the provisions of this Stipulation and by individual Class Members to challenge individual adverse actions regarding their dental services through the administrative fair hearing process and any appeals allowable under law and to file grievances with their Plans and file administrative complaints with DOH regarding issues arising from claims for dental services.

21

55.    The Parties represent and warrant to one another that they have not assigned or otherwise transferred, either in whole or in part, any interest in any claim that was or could have been asserted in the Action.  The Parties agree that none of them may assign its claims, rights, or obligations pursuant to the Stipulation.

56.    The Stipulation shall be binding upon and inure to the benefit of the Parties hereto and each and all of their respective successors, heirs, assigns, executors, and legal representatives.

## SECTION IX: NO OTHER ACTION OR PROCEEDING COMMENCED

57.    Named Plaintiffs represent and warrant that they have not commenced, maintained, or prosecuted any complaint that is currently pending in any United States federal court, New York State court or municipal court, including any petition pursuant to Article 78 of the New York Civil Practice Laws and Rules, or any other action in any federal, state or municipal court, that relates to the allegations in the Complaint, First Amended Complaint and operative Second Amended Complaint and this Action, against DOH (including, but not limited to, any and all agencies, departments, offices, subdivisions, officials, employees, affiliates, or agents thereof) on their own behalf and/or on behalf of any person, and Named Plaintiffs and Class Counsel acknowledge that this representation constitutes a material inducement for DOH to enter into the Stipulation.

## SECTION X: GENERAL PROVISIONS

58.    If any provision of this Stipulation is held by a court of competent jurisdiction to be invalid or unenforceable, such holding shall not impair or invalidate the remainder of this Stipulation and the effect thereof shall be confined to the provisions held unenforceable.

59.    If the Court disapproves of this Stipulation or any part hereof, or if the Stipulation is modified or reversed in any respect by an order or decision that is final and unappealable, unless the Parties agree otherwise, then this Stipulation shall be canceled and deemed null and void, and

22

the Parties shall revert to their respective positions as of the date prior to their signing of this Stipulation.

60.     Each signatory to this Stipulation hereby represents and warrants that the signatory has the requisite authority to enter into this Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation.

61.     The headings contained in this Stipulation are for convenience of reference only and are not a material part of this Stipulation.

62.     Nothing contained in this Stipulation shall be deemed to have created any rights or entitlements to administrative or judicial proceedings for any individual that do not otherwise exist pursuant to relevant New York State statutes or regulations or otherwise allowed or permitted pursuant to New York law.

63.     Notwithstanding the provisions of this Stipulation, DOH reserves the right to implement, change, or otherwise alter or amend the procedures and requirements of this Stipulation if required by intervening changes in federal or state statute or regulation that are inconsistent with the terms of this Stipulation. Within twenty-one (21) days of DOH becoming aware of any such intervening change in federal or state statute or regulation that may require such implementation, change, alteration, or amendment to this Stipulation, DOH's counsel shall notify Class Counsel of the intervening change in law. To the extent the intervening change in law requires amendment to the Stipulation, DOH will provide Class Counsel with the proposed implementation, change, alteration, or amendment to the Stipulation within thirty (30) days of notice to Class Counsel of the intervening change in law. Class Counsel shall respond within fifteen (15) days. If there remains a dispute as to the effect of the intervening change in law on this Stipulation, the Parties may present that dispute to the Court within thirty (30) days of Class Counsel's response. DOH

will not be required to take any action it reasonably believes, based on advice of competent counsel, to be unlawful as a result of intervening changes in federal or state statute or regulation or changes in Centers for Medicare and Medicaid Services policy, other than by order of the Court.

64.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to conflicts of law, except to the extent that federal law may govern.

65.     This Stipulation shall not in any manner be construed as determinative of the issues or claims raised, purportedly raised, or that could have been raised in the Complaint, First Amended Complaint, operative Second Amended Complaint, the Action, or any other proceeding. This Stipulation shall have no precedential value or effect whatsoever and shall not be cited, used, or admissible in this or any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce the terms of this Stipulation, or to assert that Class members are bound by the terms of the release in Paragraph 54 of this Stipulation.  In addition, notwithstanding the provisions of any paragraph or section herein, this Stipulation shall not bind or collaterally estop DOH (including, but not limited to, any and all agencies, departments, offices, subdivisions, officials, employees, affiliates, and agents thereof) in any pending or future actions or proceedings in which the same or similar issues are raised from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

66.     This Stipulation, including the Exhibits, constitutes the entire agreement between the Parties pertaining to the subject matter hereof, and supersedes and embodies, merges, and integrates entirely all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the subject matter of the Stipulation, and may not be clarified,

24

modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties.

67.     For the avoidance of doubt, New York State Medicaid-eligible individuals under the age of 21 are outside of the Class, and the scope of this litigation and Stipulation of Settlement and General Release.

68.     The Parties represent and warrant that (i) they have had reasonable opportunity to consult with counsel, have consulted with counsel regarding the terms of this Stipulation and its execution, and have read and understand all provisions of this Stipulation; (ii) they have freely and voluntarily entered into this Stipulation with an intent to bind themselves to its terms; and (iii) no promises or representations were made to them by any person to induce them to enter into this Stipulation (other than the express terms set forth herein).

69.     This Stipulation has been negotiated and drafted by all of the Parties and their respective counsel and shall not be construed in favor of, or against, any Party on the basis of its having been drafted by that Party. Each Party agrees that, in interpreting and applying the terms and provisions of the Stipulation, no Party shall be deemed the drafter of any provision, no presumption shall exist or be implied for or against any Party as a result of who drafted any provision, and any uncertainty or ambiguity in this Stipulation shall not be interpreted against any Party.

70.     By entering into this Stipulation, DOH in no way admits any violation of law or any liability whatsoever to Plaintiffs, all such liability being expressly denied. Rather, DOH enters into this Stipulation to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs. Settlement of the Action, negotiation and execution of this Stipulation, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation (i) are not, shall

not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of DOH, except in an action or proceeding to enforce the terms of this Stipulation, or of the truth of any of the factual allegations in the Complaint, First Amended Complaint, operative Second Amended Complaint and the Action; and (ii) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of DOH in any civil, criminal, administrative, or arbitral proceeding, except in an action or proceeding to enforce the terms of this Stipulation.

71. In computing any time period specified by this Stipulation, the following rules apply: (i) exclude the day of the event that triggers the period; (ii) count every day, including intermediate Saturdays, Sundays, and New York State ("NYS") legal holidays, unless business days are specified; and (iii) include the last day of the period, but if the last day is a Saturday, Sunday, or NYS legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or such NYS legal holiday.

72. This Stipulation may be executed by facsimile or email signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid and binding agreement of the Parties.

73. Any notice, report, or communication required by or made pursuant to this Stipulation, other than notices sent to individual members of the Class, shall be sent by electronic mail, or by first class mail upon request, to counsel at the addresses specified below.

To Class Counsel:

Judith Goldiner
Belkys Garcia
The Legal Aid Society
199 Water Street, 3rd Floor
New York, New York 10038
jgoldiner@legal-aid.org
brgarcia@legal-aid.org

Wesley R. Powell
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
wpowell@willkie.com

Mary Eaton
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
mary.eaton@freshfields.com

To DOH:

Glenne Ellen Fucci
Office of The Attorney General (NYS)
28 Liberty Street, 17th Floor
New York, NY 10005
Glenne.fucci@ag.ny.gov

Tracy Hennige
New York State Department of Health
Empire State Plaza
Corning Tower, Room 2435
Albany, New York 12237
Tracy.hennige@health.ny.gov

74.     The terms and conditions of this Stipulation shall be deemed effective, and the

Parties' obligations, rights and responsibilities hereunder shall commence, only upon an order or

judgment approving this Stipulation becoming final. "Final" for purposes of the order or judgment

approving this Stipulation in accordance with Rule 23(e) of the Federal Rules of Civil Procedure,

shall mean:  (i) the thirty-first day after such order or judgment is entered, if no notice of appeal is

timely filed; or (ii) if any such notice of appeal is timely filed, then the first day on which the order or judgment is not subject to further judicial review or appeal, either by reason of affirmance by a court of last resort or by reason of lapse of time, provided that this Stipulation, or order approving this Stipulation, is not reversed or modified upon such judicial review or appeal. In the event an order or judgment approving this Stipulation is reversed or modified upon judicial review or appeal, this Stipulation shall be voidable by election of Class Counsel or DOH, which election shall be provided to counsel for all other Parties and the Court in writing.

75.     This Stipulation shall be construed in accordance with the law of the State of New York applicable to contracts made and/or performed in the State of New York, without giving effect to any choice of law principles.

76.     Except as set forth in Paragraphs 44 to 51 of this Stipulation, any Claim for breach of this Stipulation or to enforce this Stipulation shall be brought exclusively in the United States District Court for the Southern District of New York. The parties hereby irrevocably waive any objection they may now or hereafter have to the laying of venue of any such Claim in the said court(s), and further irrevocably waive any claim they may now or hereafter have that any such action brought in said court(s) has been brought in an inconvenient forum.

77.     Each Party hereby irrevocably waives its rights to trial by jury in any action or proceeding arising out of this Stipulation or the transactions relating to its subject matter.

Dated: May 1, 2023

_Wesley R. Powell_
Wesley R. Powell
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
tel. (212) 728-8000
e-mail: wpowell@willkie.com

_M. Eaton_
FRESHFIELDS BRUCKHAUS DERINGER US LLP
Mary Eaton
601 Lexington Avenue, 31st Floor
New York, New York 10022
tel. (212) 277-4000
e-mail: mary.eaton@freshfields.com

_Judith Goldiner_
THE LEGAL AID SOCIETY
Judith Goldiner
199 Water Street, 3rd Floor
New York, New York 10038
tel. (212) 577-3300
e-mail: jgoldiner@legal-aid.org

*Attorneys for Plaintiffs*

Dated: May 1, 2023

_Glenne Ellen Fucci_
LETITIA JAMES
Attorney General of the State of New York
By: Glenne Ellen Fucci
Assistant Attorney General
28 Liberty Street, 17th Floor
New York, New York 10005
Tel: (212) 416-8567
email: Glenne.fucci@ag.ny.gov

*Attorney for Defendant*

29

NEW YORK STATE DEPARTMENT OF HEALTH
Dr. James V. McDonald
Acting Commissioner of DOH
Division of Legal Affairs
Empire State Plaza, Room 2435
Corning Tower,
Albany, New York 12237
Tel: (518) 473-4631
Email: susan.cartier@health.ny.gov
Email: tracy.hennige@health.ny.gov

*Representative for Defendant*